UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00835-MR

| | |
|---|---|
| SHAUN M. MORGAN-DALTON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>PAZAVAR PRIEST, Acting Warden, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court upon initial review of the Petition for Writ of Habeas Corpus filed by the Petitioner on December 5, 2023 pursuant to 28 U.S.C. § 2254. [Doc. 1]. Also before the Court is the Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] and Motion for Certificate of Appealability [Doc. 4].

**I.     BACKGROUND**

Petitioner Shaun M. Morgan-Dalton ("the Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of second-degree murder and robbery with a dangerous weapon in Mecklenburg County, North Carolina on June 13, 2013. [Doc. 1 at 1-2]. The Petitioner was sentenced to a term of twenty-six years and twenty-five days of imprisonment. [Id.].

The Petitioner provides no information to indicate that he filed a direct appeal of his judgment of conviction in the North Carolina Court of Appeals. [Id. at 3-5]. The Petitioner also provides no information to indicate that he filed any post-conviction relief motions in state court concerning his judgment of conviction or the issues he seeks to raise in this § 2254 proceeding. [Id.].

The Petitioner filed his § 2254 petition in this Court on December 5, 2023. [Doc. 1].

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2254, a prisoner in custody under a state court judgment may attack his conviction and sentence on grounds that it violates the Constitution and/or laws or treaties of the United States by filing a petition for writ of habeas corpus. Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and state the facts that support each ground. Rule 2(c), 28 U.S.C. foll. § 2254. In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

### A. Motion to Proceed *In Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income or and no amounts of money in any bank accounts. [Doc. 2]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his motion to proceed *in forma pauperis* is granted for the limited purpose of this Court's initial review of the § 2254 petition.

### B. Initial Review of § 2254 Petition

The Petitioner raises four grounds for relief in his § 2254 petition: 1) indictments are null and void due to Petitioner being sentenced without a probable cause hearing; 2) malicious prosecution; 3) null and void indictments resulted in trial court having no subject matter jurisdiction to prosecute; and 4) ineffective assistance of counsel. [Doc. 1 at 6-14]. The

Petitioner seeks immediate release and requests that his sentence be vacated. [Id. at 19].

### i. Timeliness of § 2254 Petition

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a § 2254 petition must be filed within one year from the date the judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1). Because the Petitioner did not file a direct appeal, his judgment of conviction became final fourteen days after its entry, on or about June 27, 2013. See N.C. R. App. 4(a). The federal statute of limitations then proceeded to run for 365 days until it fully expired on or about June 27, 2014.

The Petitioner attempts to circumvent the untimeliness of his § 2254 petition by arguing that the statute of limitations is tolled because the lack of subject matter jurisdiction can be raised at any time and because his petition is based upon newly discovered evidence that was not previously known to him. [Doc 1 at 17]. Under § 2244(d)(1)(D), a claim of newly discovered evidence must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "[B]y its terms, § 2244(d)(1)(D) is triggered not when a petitioner *actually* learns of some pertinent information from newly-discovered evidence; rather, it

commences when he '*could have* ... discovered' it." Sawyer v. Kiser, 2017 WL 631574, *4 (E.D. Va. Feb. 15, 2017)(emphasis original).

The Petitioner provides nothing more than a conclusory assertion that his claims are based upon newly discovered evidence. He provides no account or description of what facts or information has been recently discovered that could constitute newly discovery evidence to justify the untimely filing of his § 2254 petition. The Petitioner's allegations pertain to events that occurred at his pre-trial and trial proceedings and he does not explain how he was prevented from timely discovering any such facts with due diligence.

The Petitioner's argument that he can challenge at any time the state's lack of subject matter jurisdiction also fails because such claim is not cognizable in this federal habeas proceeding. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)(holding that federal habeas review is not available to review errors of state law); Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998)(holding that the issue of whether or not a state court has subject matter jurisdiction is an issue of state law); Griffin v. Padula, 518 F. Supp. 2d 671, 677 (D.S.C. July 6, 2007)(dismissing habeas petition as untimely despite the petitioner's attempt to raise state court's lack of subject matter jurisdiction as there was "no

5

exception under AEDPA for subject matter jurisdiction claims"). As such, the § 2254 petition is subject to dismissal as untimely filed.

### ii. Exhaustion of State Remedies

Under the AEDPA, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement "in two ways": (1) by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review; or (2) by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. Joyner v. Hooks, 2019 WL 3561429, *3 (E.D.N.C. 2019); N.C. Gen.Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422. See also McNeil v. Whitener, 2012 WL 4086510, *5 (E.D.N.C. 2012)(to satisfy the exhaustion requirement, a petitioner must show that "his instant federal claims followed along one of these two tracks to completion of review in the state courts").

The Petitioner did not seek appellate review of his judgment of conviction and did not file any post-conviction relief motions in state court raising the issues he now attempts to bring in this § 2254 federal habeas proceeding. As such, the Petitioner did not exhaust his available state

6

remedies before seeking relief in this Court and his § 2254 is procedurally barred.

### C. Motion for Certificate of Appealability

The Petitioner moves this Court for a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. [Doc. 4]. However, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). As such, the Petitioner's request is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.
2. The Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 2] is **GRANTED**.
3. The Petitioner's Motion for Certificate of Appealability [Doc. 4] is **DENIED**.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 9, 2024

Martin Reidinger
Chief United States District Judge